UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Catamount Radiology, P.C., and<br>Scott D. Smith, M.D., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 1:14-cv-213 |
| Yvette Bailey, M.D., | : : | |
| Defendant. | : : : | |
| Yvette Bailey, M.D., | : : : | |
| Counterclaim Plaintiff<br>And Third-Party Plaintiff | : : : : | |
| v. | : : | |
| Scott D. Smith, M.D.; Catamount<br>Radiology, P.C.; and Rebecca O'Berry, | : : : | |
| Counterclaim Defendants<br>And Third-Party Defendant. | : : : | |

MEMORANDUM AND ORDER ON MOTION TO WITHDRAW, REQUEST FOR
EXPEDITED REVIEW, AND FOR POSTPONEMENT OF DEPOSITIONS
(Doc. 67)

On August 10, 2015, Defendant/Counterclaimant Yvette Bailey ("Bailey") faxed the Court an ex parte letter stating she has developed "irreconcilable differences" with her counsel, David Bond, and requesting the Court "grant a four week extension of all proceedings and decisions, to afford sufficient time . . . to select substitute counsel and to permit said substitute counsel to familiarize himself or herself with the case, and to make any supplemental submissions that may be necessary under the circumstances." (Doc. 67-2.) Subsequently, Bond filed the pending motion to withdraw. (Doc. 67.) Bailey asks the Court to either (1) postpone depositions and grant the motion

to withdraw, or (2) require Bailey engage new counsel by a set date and permit withdrawal at that time.  (Doc. 67, at 3.)  Plaintiffs Catamount Radiology, P.C. ("Catamount") and Scott D. Smith, M.D. ("Smith") do not oppose withdrawal of Bond as counsel, but do oppose Bailey's request for a four-week stay of discovery.[1]  (Doc. 68.)  Catamount and Smith believe depositions scheduled for August 17, 18, and 19 (Doc. 65) should go forward with Bond as counsel, and that Bond should be replaced afterward.  Bailey filed a reply on August 11, 2015.  (Doc. 69.)

Catamount and Smith argue the cases cited in the motion to withdraw require a refusal to pay fees, failure to communicate, or acrimony, and assert the present motion to withdraw is based only on an assertion of irreconcilable differences.  Catamount and Smith are incorrect -- an assertion of irreconcilable differences may be sufficient to support a withdrawal of counsel.  See Hallmark Capital Corp. v. Red Rose Collection, Inc., No. 96-cv-2839, 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997) (finding "satisfactory reasons" to permit plaintiff's counsel's withdrawal when plaintiff "concedes that it has irreconcilable differences with its counsel"); Emile v. Browner, No. 95-cv-3836, 1996 WL 724715, at *1 (S.D.N.Y. Dec. 17, 1996) ("When a client fails to pay legal fees, fails to communicate or cooperate with the attorney, or indicates that she lacks confidence in and no longer wishes to be represented by the attorney, and the attorney-client relationship has broken down, these are more than sufficient reasons for counsel to be relieved.") (emphasis added).

"[T]he Court may nevertheless consider the posture of the case and whether counsel's withdrawal will result in any prejudice to [the opposing party] or have a negative impact on the Court's calendar."  Emile, 1996 WL 724715, at *1.  Catamount and Smith claim Bailey's decision to change counsel "appears quite clearly to be little more than an attempt to refuse to provide the information and to appear for the depositions," which "should not be allowed."  (Doc. 68, at 2.)

---

[1] Third-Party Defendant Rebecca O'Berry does not oppose the motion.  See Doc. 67, at 3.

But they give no indication they will be prejudiced by such an extension.  A four-week delay of depositions will not require postponement of a trial or a substantial delay in the discovery schedule.  Conversely, requiring Bailey to proceed with key depositions with Bond as her counsel when he will not ultimately represent her at trial might very well prejudice Bailey.

Accordingly, Bailey's motion (Doc. 67) is GRANTED.  The Local Rules state "[a]n attorney may not withdraw until: (1) replacement counsel has entered an appearance, or a party has declared its pro se status . . .; (2) the attorney files a motion to withdraw; and (3) the court grants the motion to withdraw."  Vt. D. L.R. 14(d).  Bailey is ordered to find replacement counsel and so inform the Court on or before September 9, 2015.  Consistent with Local Rule 14(d), Bond will be permitted to withdraw at the time Bailey engages replacement counsel or declares her pro se status.  The depositions of Bailey, Kenneth Romer, and Scott Smith shall be postponed until Bailey has either engaged replacement counsel or declared her pro se status.  To the extent this Order has issued expeditiously, the request for expedited review is granted.

The Court assumes Bailey has complied with its order to produce redacted financial documents and expert report by August 11, 2015.  (Doc. 65.)  If Bailey has not yet produced those documents, she shall do so forthwith.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of August, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge