UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Catamount Radiology, P.C., and          :
Scott D. Smith, M.D.,                   :
                                        :
        Plaintiffs,                     :
                                        :
            v.                          :          Case No. 1:14-cv-213
                                        :
Yvette Bailey, M.D.,                    :
                                        :
        Defendant.                      :
                                        :
_____:
                                        :
Yvette Bailey, M.D.,                    :
                                        :
        Counterclaim Plaintiff          :
        And Third-Party Plaintiff       :
                                        :
            v.                          :
                                        :
Scott D. Smith, M.D.; Catamount         :
Radiology, P.C.; and Rebecca O'Berry,   :
                                        :
        Counterclaim Defendants         :
        And Third-Party Defendant.      :
_____:

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO AMEND THEIR
COMPLAINT
(Doc. 63)

I.      Introduction

        On July 17, 2015, Plaintiffs Catamount Radiology, P.C. ("Catamount") and Scott Smith

("Smith") moved to amend their Complaint.  (Doc. 63.)  Catamount and Smith seek to add Kenneth

Romer ("Romer") and House Call Radiology LLC ("House Call") as defendants, and to add claims

for civil conspiracy, unjust enrichment, and fraud/estoppel.  Defendant Yvette Bailey "(Bailey")

opposed the motion to amend (Doc. 66) and Catamount and Smith replied (Doc. 74).

II.    <u>Discussion</u>

    A.    <u>Standard of Review</u>

"[W]hen a party requests leave to amend its complaint, permission generally should be freely granted." <u>Buckner v. Shumlin</u>, No. 12-cv-90, 2013 WL 809590, at *6 (D. Vt. Mar. 5, 2013) (quoting <u>Anderson News, L.L.C. v. Am. Media, Inc.</u>, 680 F.3d 162, 185 (2d Cir. 2012); <u>see also</u> Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "Leave to amend will be denied, however, if amending the complaint would be futile or would unduly prejudice the defendant." <u>Naylor v. Rotech Healthcare, Inc.</u>, 679 F. Supp. 2d 505, 508 (D. Vt. 2009). Prejudice can result if a new claim unfairly expands the scope of the complaint, requires substantial further discovery, or delays the resolution of the case. <u>See id.</u> at 509. By the same token, "prejudice to the nonmoving party is alleviated if the new claim arises out of similar facts as existing claims." <u>Id.</u> "When deciding whether to permit joinder of a party, courts apply this same standard." <u>Rodriguez v. Walton</u>, No. 7-cv-58, 2008 WL 747003, at *3 (D. Vt. Mar. 18, 2008).

    B.    <u>Prejudice to Bailey</u>

The proposed new claims and parties will not prejudice the nonmoving party. As Catamount and Smith point out, Romer and House Call have been involved in this litigation from the outset. Catamount and Smith also assert joining Romer and House Call will not require additional discovery. (Doc. 63, at 3.) Bailey disagrees, contending granting the motion would further draw out discovery. (Doc. 66, at 2.) Any marginal extension in discovery, however, is unlikely to prejudice Bailey, who has already requested and received extensions in the discovery schedule. <u>See</u> Docs. 42, 67. The new claims against Romer and House Call tie in with the original claims against Bailey, "so it makes sense to include [them] rather than initiate a separate lawsuit." <u>Naylor</u>, 679 F. Supp. 2d at 509.

C.      Permissive Joinder of House Call

Joining House Call as a party is not improper.  Bailey contends House Call should not be joined as a party because "Plaintiffs do not identify any acts or omissions by House Call."  (Doc. 66, at 3.)  Bailey also points out that Catamount and Smith seek to join House Call as a party while simultaneously alleging it is merely an alter ego for Bailey and Romer.  Under Federal Rule of Civil Procedure 20(a)(2), however, permissive joinder of a party is available if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Regardless of whether House Call is a necessary party -- and Catamount and Smith appear to concede it is not -- it may be joined.  See Vt. Assembly of Home Health Agencies, Inc. v. Shalala, 18 F. Supp. 2d 355, 360 (D. Vt. 1998) ("In joinder determinations, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.") (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)).  Furthermore, both a corporation and its officer may be held liable for a "tort in which the officer personally participated."  Sec'y, Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp., 167 Vt. 228, 243, 705 A.2d 1001, 1010 (1997).  Accordingly, House Call may be joined.

D.      Futility of Claims

 "In addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005) (quoting Rotblut v. 333 E. 66th St. Corp., No. 96-cv-5228, 1996 WL 586353, at *1 (S.D.N.Y. Oct. 11, 1996).  Thus, the Court accepts all facts

alleged by Catamount and Smith as true and construes them in the light most favorable to those parties.  See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

First, Bailey argues Catamount and Smith's fraudulent inducement claim (Count II) cannot be extended to include Romer and House Call because it alleges insufficient facts.[1]  The Court agrees.  In Vermont, to state a claim for fraudulent inducement a plaintiff must show "an intentional misrepresentation of fact affecting the essence of the transaction, false when made and known to be false by the maker, not open to the defrauded party's knowledge, and relied upon by the defrauded party to its damage."  Ben & Jerry's Homemade, Inc. v. La Soul, Inc., 983 F. Supp. 504, 506 (D. Vt. 1997).  The amendments Catamount and Smith propose do not allege any false statement made by either Romer or House Call, only false statements made by Bailey.  (Doc. 63-1, at ¶¶ 53-70.)  The proposed Amended Complaint alleges "Bailey made these representations on behalf of herself, Romer and House Call" (id. ¶ 59), but asserts no factual basis underpinning that allegation.  See Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004) (Fed. R. Civ. P. 9(b) requires plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent with specificity).  Accordingly, the Court denies the motion to amend to the extent the proposed amendments would extend the fraudulent inducement claim (Count II) to Romer and House Call.

Second, Bailey argues Catamount and Smith's tortious interference with contract claim (Count III) cannot be extended to include Romer and House Call because any communications Romer had with Gifford were motivated by an acceptable purpose.  To state a claim for tortious interference, a plaintiff must plead:

> (1) the existence of a valid business relationship or expectancy; (2) knowledge by the interferer of the relationship or expectancy; (3) an

---

[1] Catamount and Smith's claim for fraudulent inducement existed in the original Complaint (Doc. 1).  Catamount and Smith now seek to extend this claim to Romer and House Call.

4

>       intentional act of interference on the part of the interferer; (4)
>       damage to the party whose relationship or expectancy was disrupted;
>       and (5) proof that the interference caused the harm sustained.

Skaskiw v. Vermont Agency of Agric., 2014 VT 133, ¶ 24, 112 A.3d 1277, 1287 (Vt. 2014).

Nonetheless, "the defendant might intentionally interfere with the plaintiff's interests without

liability if there is an acceptable purpose behind the interference."  Trepanier v. Getting Organized,

Inc., 155 Vt. 259, 268, 583 A.2d 583, 589 (1990).  The proposed Amended Complaint alleges Romer

made statements to Gifford Medical Center ("Gifford") that interfered with Catamount and Smith's

business relationship with Gifford.  In her opposition, Bailey argues Romer had an acceptable

purpose in communicating with Gifford because the pleadings admit everyone concerned -- Smith,

Bailey, and Gifford -- knew Smith intended to leave Catamount at some point.  "Honest advice"

may be an acceptable purpose, see id. at 268, but the proposed Amended Complaint alleges Romer's

communications were fraudulent.  See, e.g., Doc. 63-1, ¶ 72 (alleging Romer made false statements

to Gifford).  As the Court only considers the allegations in the Complaint at this stage, there is no

basis to assert Romer had an acceptable purpose.  Accordingly, the Court permits the proposed

amendments to Count III.

     Third, Bailey argues Catamount and Smith's proposed unjust enrichment claim (Count V) is

not available because the Court has found an enforceable agreement existed between the parties.

Catamount and Smith contend unjust enrichment remains available to them because they seek

rescission of the otherwise valid Shareholders' Agreement.  The Court agrees.  If Catamount and

Smith succeed on their fraudulent inducement claim, they could seek rescission of the Shareholders'

Agreement and claim unjust enrichment.  See Sarvis v. Vt. State Colleges, 172 Vt. 76, 80, 772 A.2d

494, 498 (2001) ("Where a party was induced to enter a contract by fraud and misrepresentation, the

deceived party may seek the remedy of being excused from the contract through rescission, or

seeking the damages occasioned by the fraud.") (internal quotations omitted).  Accordingly, the Court permits the proposed addition of Count V.

Fourth, Bailey argues Catamount and Smith's proposed civil conspiracy claim (Count VI) is inadequately pleaded because it fails to state an unlawful act and it fails to satisfy the pleading requirements set out in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  To state a claim for civil conspiracy under Vermont law a plaintiff must allege the existence of "a combination of two or more persons to effect an illegal purpose, either by legal or illegal means, or to effect a legal purpose by illegal means."  <u>Boutwell v. Marr</u>, 71 Vt. 1, 42 A. 607, 609 (1899).  Though the allegations under the Count VI heading are sparse, <u>see, e.g.</u>, Doc. 63-1, ¶ 85 ("Defendants have conspired with each other to carry out the fraudulent scheme described above."), the Court considers the entirety of the Complaint.  Here, were Catamount and Smith to prove another claim against the Defendants -- for example, Count III, for tortious interference -- they could show an illegal act.[2]  The proposed Amended Complaint also contains enough factual matter that, taken as true, could show an agreement.  <u>See, e.g.</u>, Doc. 63-1, at ¶ 34 (alleging Bailey communicated with Gifford Medical Center, Catamount, and Smith through Romer regarding Gifford's notice of the termination of Catamount's contract).  Accordingly, the Court permits the proposed addition of Count VI.

Fifth, Bailey argues Catamount and Smith's proposed fraud/estoppel claim (Count VII) is inadequately pleaded because it fails to allege a false statement by Bailey or Romer.  As was the case

---

[2] The Vermont Supreme Court has expressed doubt whether there continues to be an independent cause of action for the tort of civil conspiracy.  <u>See Davis v. Vile</u>, No. 2002-465, 2003 WL 25746021, at *3 (Vt. Mar. 1, 2003); <u>cf. Borden v. Rose</u>, No. 361-10-05 Bncv, 2005 Vt. Super. LEXIS 78, at *18-19 (Vt. Super. Ct. Dec. 20, 2005) (dismissing a claim for civil conspiracy due to absence of factual allegations of unlawful agreement or acts taken in furtherance of it).  Because neither party has addressed this issue, for purposes of this motion the Court assumes Vermont law presently recognizes an independent cause of action for civil conspiracy.

Case 5:14-cv-00213-gwc   Document 76   Filed 08/27/15   Page 7 of 7

with Catamount and Smith's extension of their tortious interference claim to include Romer and House Call, it is premature to find this claim futile. The proposed Amended Complaint contains allegations Bailey and Romer made false statements and that those statements induced Gifford Medical Center to cancel its contract with Catamount (Doc. 163-1, ¶¶ 48, 63, 66, 73) and induced Catamount to postpone terminating Bailey's employment (id. ¶ 94). Accordingly, the Court permits the proposed addition of Count VII.

III.    Conclusion

Based on the foregoing, the Motion to Amend the Complaint (Doc. 63) is GRANTED IN PART and DENIED IN PART. The Motion is denied only to the extent Catamount and Smith seek to extend their claim for fraudulent inducement (Count II) to include Kenneth Romer and House Call Radiology LLC, and otherwise granted. Catamount and Smith shall file an Amended Complaint consistent with this Order forthwith.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 27th day of August, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge